# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Isadore Stewart and Paulette Stewart<br><br>              Plaintiffs,<br><br>  v.<br><br>TCF National Bank, William Cooper, Rosey Dickey, Monica Lash, and Brad Erickson,<br><br>              Defendants. | Civil No. 12-1873 (MJD/AJB)<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

This matter is before the Court, Chief Magistrate Judge Arthur J. Boylan, on a Motion for Summary Judgment by Plaintiffs Isadore and Paulette Stewart (Docket No. 2) and Motions to Dismiss by Defendants TCF Bank, William Cooper, Rosey Dickey, and Monica Lash (collectively, the "TCF Defendants") (Docket No. 10) and Defendant Brad Erickson (Docket No. 17). The matter has been referred to the magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.2(b). A hearing was held on the motions on October 9, 2012 at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. Michael W. Haag appeared on behalf of the TCF Defendants. Charles H. Salter appeared on behalf of Brad Erickson. Plaintiffs appeared pro se.

For the reasons discussed below, the Court recommends that plaintiff's Motion for Summary Judgment be denied and that defendants' Motions to Dismiss be granted.

## BACKGROUND

This case arises out of the foreclosure of Plaintiffs' home. In 2002, Plaintiffs executed a mortgage and promissory note in the amount of $182,000 in order to purchase property at 111 W. 90th Street in Bloomington, Minnesota. (Docket No. 29-2–29-3.) Plaintiffs later executed a second mortgage loan and a home equity line of credit. (Docket No. 29-5–29-9.) TCF National Bank initiated foreclosure proceedings on Plaintiffs' property on November 27, 2011. (Docket No. 29-11.) A Sheriff's Sale was held and the Hennepin County Sheriff's Office issued a Sheriff's Certificate of Sale on February 15, 2012. (Docket No. 29-11.)

Plaintiffs filed a Complaint on July 31, 2012 against TCF National Bank, William Cooper, Rosey Dickey, Monica Lash, and Brad Erickson. (Docket No. 1.) The Complaint alleges that the basis for jurisdiction is the "4th Amendment. . .Observing that 'the right of acquiring and possessing property, and having it protected, is one of the natural, inherent and inalienable rights of man.'" (Complaint ¶ 4.)

In the Complaint, Plaintiffs "[d]emand that the Defendants produce their Proof of Claim" and to inspect the entire 'Original Promissory Note and Mortgage Deed, with wet ink signatures, along with the Title Page that shows whether or not the mortgage has been satisfied." (Complaint ¶ 7.) Plaintiffs allege that TCF National Bank "sold the original note and failed to give credit to [Plaintiffs'] account" and that "defendants have not been damaged and have no legal right to a claim." (*Id.*) The Complaint declares that "Only the Original Promissory Note and Mortgage Deed will be accepted as proof of claim. If the Defendants have the original mortgage notes let them bring it forth and offer their Proof of Claim for my inspection. I believe the Defendants DO NOT have lawful Proof of Claim. . ." (*Id.*) Plaintiffs assert that "[t]his is Dishonor in commerce,

Theft, Fraud, Conspiracy, and Racketeering." (*Id.*) Plaintiffs go on to demand that defendants "[p]rove that you are the Holder in Due course, and can legally foreclose on my Property." (*Id.*)

In their request for relief, Plaintiffs request (1) that the Court "[d]ismiss any and claims against the Plaintiff, with prejudice and update our account with the Credit agencies to reflect zero balance and pain in full," (2) that "the Defendants return the original promissory note valued at $182,000. And along with all payments made in real money from the origination of the said loan returned to [Plaintiffs], and TCF Bank can obtain the property in question. Or," (3) "TCF Bank can keep my Promissory Note providing they return the lien-free mortgage deed and physical property back to the Plaintiffs, along with all payments made in real money from said original loan up until present back to Plaintiffs," and (4) that defendants "[p]ay all damages contained herein with Real Money, Surrender any and all Public Hazard Bonds, other Bonds, Insurance Policies, 801K, CAFR Funds, etc. as needed to satisfy [herein]." (Complaint, p. 5.)

Plaintiffs filed a Motion for Summary Judgment and accompanying affidavit on August 7, 2012, wherein they request that the Court order TCF National Bank to provide for Plaintiffs' inspection certified copies of the original promissory notes for Plaintiffs' loans and that the Court grant summary judgment in Plaintiffs' favor if the bank does not produce such documents within 15 days of the filing of the motion. (Docket No. 2.) The TCF Defendants oppose Plaintiffs' motion, arguing that Plaintiffs' motion sets forth no basis for an award of summary judgment on any claim and appears to be merely a premature motion to compel.

On August 24, 2012, the TCF Defendants filed a Motion to Dismiss. (Docket No. 10.) On August 27, 2012, Defendant Brad Erickson filed a Motion for Dismiss. (Docket No. 17.) Defendants argue that Plaintiffs have failed in their Complaint to state a claim upon which relief can be granted. On September 6, 2012, Plaintiffs filed a document labeled "Plaintiffs' Opposition

of Defendant's 'Motions to Dismiss' For Reasons of Fraud on the Court / Demand for Proof of Claims," wherein Plaintiffs assert that if the Motions to Dismiss are granted, "the 4th Amendment, the U S Constitution, Uniform Commercial Code, Fair Debt Collection Practices Act and Freedom of Information Act would be ignored and constitute fraud" and that their "American Citizen rights would be severely violated." (Docket No. 26.) Plaintiffs also filed an "Opposition for Motion to Dismiss Case per Defendant Attorneys" on September 12, 2012, in which they assert that the "original note. . .wasn't fully disclosed to me as the Law requires," that they are "the True Holder in course," and that Defendants "have no rights to my property." (Docket No. 27.) Plaintiffs also provide a list of cases from other jurisdictions which they allege hold that "a bank must provide a 'wet ink' signature note when demanded." (*Id.*)

## DISCUSSION

I. **Plaintiffs' Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (a). The movant "bears the initial responsibility of informing the district court of the basis for its motion," and it must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Plaintiffs request summary judgment in their favor if TCF National Bank fails to produce the original promissory notes within 15 days of the filing of Plaintiffs' Motion for Summary Judgment. Plaintiffs' motion provides no grounds demonstrating that they are entitled to summary judgment. Plaintiffs have set forth no facts at all, and therefore have not carried their burden of coming forward with proof of the absence of a genuine issue of material fact. Instead,

4

the motion merely demands the production of certain documents from Defendants (which is premature, as discovery has not yet commenced) and asserts with no support that Plaintiffs are entitled to summary judgment absent such production. Plaintiffs' motion should be denied.

## II. Defendants' Motions to Dismiss

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint must be dismissed if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, Plaintiffs must include enough facts to "nudge[ ] their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To withstand dismissal, the complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When reviewing a complaint on a motion to dismiss, the Court must accept all factual allegations as true and must construe those facts in the light most favorable to the nonmoving party. *Carton v. Gen. Motors Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010).

Pro se litigants are entitled to a liberal construction of their pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, the rules do not require a court "to either guess the nature of or create a litigant's claim." *Milliman v. County of Stearns*, No. 11-3636, 2012 WL 4470284, at *6 (D. Minn. May 30, 2012) (internal quotation omitted); *see also Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004) (explaining that when reading a *pro se* complaint, "the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework," but does not "assume facts that are not alleged").

B. TCF Defendants' Motion to Dismiss

1. Plaintiffs have failed to plead sufficient factual allegations to state a claim for relief that is plausible on its face.

Plaintiffs' Complaint contains conclusory allegations that defendants do not have a valid "proof of claim" to foreclose on Plaintiffs' home. (Complaint ¶ 7.) But Plaintiffs' Complaint does not set forth factual allegations in support of any claim for relief. Although Plaintiffs accuse defendants of "Dishonor in commerce, Theft, Fraud, Conspiracy, and Racketeering (Complaint ¶ 7)," there are no underlying factual allegations regarding any conduct by defendants supporting such causes of action. The Complaint fails to even mention defendants William Cooper, Rosey Dickey, and Monica Lash, who apparently are employees of TCF National Bank, other than in the case caption and list of defendants in Paragraph 2 of the Complaint, and therefore does not contain sufficient factual matter to state a plausible claim against them. Plaintiffs' allegations regarding the TCF Defendants do not meet the pleading requirements set forth in *Iqbal* and *Twombly*. The Complaint contains no factual allegations from which the Court could conclude that Plaintiffs have stated any claim against the TCF Defendants that is plausible on its face. For this reason, the Complaint should be dismissed.

2. Plaintiffs appear to rely on a "show me the note" theory.

Plaintiffs demand that TCF National Bank produce the "Original Promissory Note and Mortgage Deed, with wet ink signatures" to prove that it was entitled to foreclose on Plaintiffs' property. (Complaint ¶ 7.) This appears to be an assertion by Plaintiffs of what has been colloquially termed the "show me the note" theory, a theory that a bank must hold and exhibit the promissory note as well as the mortgage deed in order to foreclose on a property. *See, e.g., Stein v. Chase Home Fin., LLC*, Civ. No. 09-1995, 2010 WL 4736828, at *3-4 (D. Minn. Aug. 13, 2010) (explaining that the "show me the note" theory is that "only the holder of an original

wet-ink signature note has the lawful power to initiate a non-judicial foreclosure") (quotation omitted).

Contrary to Plaintiffs' beliefs, Minnesota law allows the holder of a security instrument to foreclose without possession of the promissory note. Minnesota courts have consistently rejected the "show me the note" argument. *See Jackson v. Mortg. Elec. Reg. Sys., Inc.*, 770 N.W.2d 487, 498-501 (Minn. 2009) (holding that neither Minnesota statutes nor common law require possession of a promissory note for foreclosure by advertisement and that "a party can hold legal title to the security note without holding an interest in the promissory note"); *Butler v. Bank of America, N.A.*, Civ. No. 11-461, 2011 WL 2728321 at *5 (D. Minn. July 13, 2011) ("[A] reading of the opinion can leave no doubt that *Jackson* holds that a mortgagee is not required to have any interest in the promissory note in order to foreclose."); *Larsen v. Bank of America*, Civ. No. 11-1775, 2011 WL 6065426, at *7 (D. Minn. July 21, 2011) ("This [show me the note] theory has been rejected by courts in this district, as well as other jurisdictions."); *Iverson v. Wells Fargo Bank, N.A.*, No. 11-cv-2225, 2011 WL 6065358, at *3 (D. Minn. Oct. 25, 2011) ("[T]he 'show me the note' defense against foreclosure has been soundly rejected by the Minnesota Supreme Court."). The U.S. Court of Appeals for the Eight Circuit has also rejected the "show me the note" theory. *See Stein v. Chase Home Fin., LLC*, 662 F.3d 976, 980 (8th Cir. 2011) ("[T]he right to enforce a mortgage through foreclosure by advertisement lies with the legal, rather than equitable, holder of a mortgage.").

From what the Court can glean from the Complaint, Plaintiffs' entire claim appears to be based on the rejected "show me the note theory." Plaintiffs' Complaint demands that defendants produce the original promissory note and mortgage deed "with wet ink signatures," and asserts that in the absence of doing so, defendants have no legal right to foreclose on the property.

Because the theory upon which Plaintiffs' Complaint rests has been rejected in Minnesota, the Complaint should be dismissed.

### C. Defendant Brad Erickson's Motion to Dismiss

Defendant Brad Erickson is a member of the Hennepin County Sheriff's Office, which is responsible for conducting sheriffs' sales of foreclosed properties and issuing Sheriffs' Certificates of Sale in accordance with Minnesota statutes. (Docket No. 19, Def. Erickson Mem. at 2.) Like defendants Cooper, Dickey, and Lash, other than naming Erickson in the caption and in the list of defendants in Paragraph 2 of the Complaint, the Complaint contains no allegations whatsoever with respect to Erickson. Although Plaintiffs appear to allege a violation of their Fourth Amendment rights, there is no explanation of any conduct by Erickson giving rise to any claim. Plaintiffs make no allegations at all regarding Erickson, much less set forth sufficient factual matter to "nudge[ ] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Plaintiffs' Complaint as to Erickson should be dismissed.

In addition, even if Plaintiffs had adequately asserted factual allegations regarding Erickson, a claim against him for violation of Plaintiffs' constitutional rights likely would be subject to dismissal based on the doctrine of qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001).

### RECOMMENDATION

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiffs' Motion for Summary Judgment (Docket No. 2) be **DENIED**;
2. TCF Defendants' Motion to Dismiss (Docket No. 10) be **GRANTED**;

3. Brad Erickson's Motion to Dismiss (Docket No. 17) be **GRANTED**; and

4. The Complaint be dismissed with prejudice.


Dated: November 6, 2012                                  s/ Arthur J. Boylan
                                                         Chief Magistrate Judge Arthur J. Boylan
                                                         United States District Court


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before  November 20  , 2012.